IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

                Plaintiff,

    v.                                         OPINION and ORDER

ALEXANDER DAVID GOULART                         24-cv-619-jdp
and LEE R. JACKSON,

                Defendants.

---

Plaintiff Nicholas Scott Werling, proceeding without counsel, was charged with bail jumping after a GPS report indicated that Werling had come within 500 feet of a school, in violation of a condition of his bond in a criminal case. The bail-jumping charge was later dismissed. Werling brings malicious prosecution claims against defendants, a Rock County assistant district attorney and a Rock County Sheriff's Office deputy, for falsely stating in a criminal complaint that he had committed that violation. Werling mainly contends that no reasonable officer could believe that he had intended to come within 500 feet of the school given the circumstances: he was traveling to another city on a Sunday. Defendants each move for summary judgment. I will grant those motions and dismiss the case because there was arguable probable cause for the bail-jumping charge.

UNDISPUTED FACTS

At the time of the events, plaintiff Nicholas Werling lived in Sun Prairie, Wisconsin. Defendant Alexander Goulart was an assistant district attorney for Rock County. Defendant Lee R. Jackson was a deputy in the Rock County Sheriff's Office.

On October 16, 2022, a Sunday, Werling traveled from his home in Sun Prairie to another person's residence in La Crosse to sell her a painting. At the time, Werling was released on bond in a Rock County criminal case in which he was charged with physical abuse of a child, disorderly conduct, and battery. One condition of the bond was that Werling not be within 500 feet of any school.

Werling's travels set off his GPS ankle monitor. JusticePoint, the entity conducting pretrial-services monitoring for Rock County, sent the district attorney's office a "violation report" stating that "Werling was tracked traveling within 500 ft of North Woods International School, located at N2541 Sablewood Rd., La Crosse WI 54601." Dkt. 32-2.

Defendant Assistant Attorney General Goulart reviewed the JusticePoint report and verified Werling's bond conditions. A charge of felony bail jumping under Wis. Stat. § 946.49(1)(b) requires that a person has been charged with a felony, has been released on bond, and intentionally failed to comply with bond conditions. Goulart concluded that there was probable cause to charge Werling with bail jumping, based on his knowledge of Werling being released on bond for a physical-abuse-of-a-child charge with an express condition that he not go within 500 feet of any school, and JusticePoint's GPS-monitoring report that Werling had been within 500 feet of the school in La Crosse.

Goulart drafted a criminal complaint recounting his review of the violation report and Werling's bond conditions. That concluded Goulart's involvement in the prosecution; other district attorneys signed the complaint and prosecuted the case. As was customary in Rock County cases, defendant Deputy Jackson reviewed the criminal complaint for factual accuracy and signed the complaint as the formal complainant.

At the preliminary hearing before a court commissioner, Werling's attorney contested probable cause for the charge. The state called JusticePoint's program director, who stated that some of its GPS monitors measured 650 feet from the center of an address in an effort to more accurately establish a 500-foot perimeter from the entire grounds of the address. Despite Werling's counsel arguing that there was no proof that Werling intentionally violated his bond conditions, the court commissioner concluded that there was probable cause that Werling had committed bail jumping. The bail-jumping charge was dismissed on the prosecutor's motion in August 2024.

ANALYSIS

I granted Werling leave to proceed on Fourth Amendment malicious prosecution claims against defendants Goulart and Jackson for signing an affidavit stating that Werling violated his bond conditions even though there was no evidence that Werling intentionally did so. Defendants Goulart and Jackson each move for summary judgment. Dkt. 29 and Dkt. 33.

The United States Supreme Court has recognized a Fourth Amendment claim for malicious prosecution when a defendant's actions cause the plaintiff to be seized without probable cause. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). The elements of such a claim are "(i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution "terminated in the acquittal or discharge of the accused." *Id.* at 44 (internal quotation omitted).

Defendants make various arguments for why they are entitled to summary judgment, but I need consider only their argument that there was indeed probable cause to charge Werling

with bail jumping for coming within 500 feet of a school. Following the preliminary hearing, the state-court commissioner determined that there was probable cause for this offense. A judicial determination of probable cause is entitled to a presumption of validity. *See, e.g.*, *Washington v. City of Chicago*, 98 F.4th 860, 863 (7th Cir. 2024). This presumption can be rebutted by a showing that an officer intentionally or recklessly made false statements to the judicial officer that materially affected that decision. *Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019).

I take Werling to argue that the complaint did contain a lie that Werling was within 500 feet of a school because JusticePoint's program director stated that some of its monitors were set to a 650-foot perimeter. But there's no indication that this information was known to defendants when they filled out the criminal complaint—they accurately recounted that JusticePoint reported that Werling was within 500 feet of a school. And in any event, such a statement by defendants wouldn't have affected the commissioner's probable cause determination: the commissioner heard testimony about the monitors' perimeter and still concluded that there was probable cause.

Regardless, even without the presumption of validity usually given to state-court probable cause findings, I would conclude that defendants are at least entitled to qualified immunity on Werling's claims.

Under the doctrine of qualified immunity, a plaintiff may not obtain damages from a defendant for a constitutional violation unless the plaintiff shows not only that the defendant violated his rights, but also that his rights were clearly established at the relevant time. The plaintiff can meet this burden by pointing to either (1) a closely analogous, binding case that was decided in his favor; or (2) a more general constitutional rule that applies "with obvious

clarity" to the defendant's conduct. *Cibulka v. City of Madison*, 992 F.3d 633, 639–40 (7th Cir. 2021). In deciding whether the defendants are entitled to qualified immunity on a motion for summary judgment, the court must view the evidence in the light most favorable to the plaintiff and ask whether a reasonable jury could find that the defendants violated the plaintiff's clearly established rights. *Jerger v. Blaize*, 41 F.4th 910, 913 (7th Cir. 2022); *Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017).

This doctrine provides an added layer of protection to law enforcement officers, allowing for reasonable mistakes in judgment. Defendants are entitled to qualified immunity on Werling's malicious prosecution claims if "a reasonable officer could have mistakenly believed that probable cause existed." *Fleming v. Livingston County, Ill.*, 674 F.3d 874, 879–80 (7th Cir. 2012) (internal quotes omitted). This standard is often termed "arguable probable cause." *Id.* Arguable probable cause is established when "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Id.* at 880.

Werling doesn't cite any closely analogous binding cases or a more general rule that obviously applies here. Rather, he argues that he did not *intentionally* come within 500 feet of the school as required by the bail-jumping statute and that defendants couldn't possibly have believed that he intended to do so, particularly given that he was traveling on a Sunday, a day that school wouldn't be in session.

Werling's argument might have been persuasive had his criminal case made it to trial: without more evidence it would be difficult to believe beyond a reasonable doubt that Werling meant to come within 500 feet of a school. But that isn't the applicable legal standard here.

The probable-cause standard is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). To meet this standard, law enforcement does not need to collect enough evidence to convict the person being arrested or even to demonstrate that it is more likely than not that he committed the charged crime. *See United States v. Sawyer*, 224 F.3d 675, 679 (7th Cir. 2000). Specifically regarding intent, law enforcement need only "some evidence" demonstrating a required mental state before they have probable cause. *BeVier v. Hucal*, 806 F.2d 123, 126 (7th Cir. 1986). The Court of Appeals for the Seventh Circuit has defined "some evidence" as "enough to confer on [officers] a reasonable belief that [the individual] had committed criminal offenses." *Dollard v. Whisenand*, 946 F.3d 342, 360 (7th Cir. 2019). But officers are not required to investigate and rule out affirmative defenses. *Id.* at 355. And they "are entitled to act on the basis of observable events and let courts resolve conflicts about mental states." *Hebron v. Touhy*, 18 F.3d 421, 423 (7th Cir. 1994).

Here, given the report from JusticePoint flagging Werling's presence within 500 feet from a school, defendants could have reasonably believed that Werling saw the school and intentionally got too close to it. They weren't required to investigate and rule out a mistake defense before charging him. Thus, there was arguable probable cause, defendants are entitled to qualified immunity, and I will grant their motions for summary judgment. That is not an endorsement of what appears to have been an ill-conceived prosecution for at most only a technical violation of Werling's bail condition (there wasn't anything in the condition excluding weekends or incidental encroachment while traveling) that resulted in his detention and almost two years of ultimately fruitless criminal litigation. But under the relevant law, defendants are entitled to judgment in their favor.

ORDER

IT IS ORDERED that:

1.  Defendants' motions for summary judgment, Dkt. 29 and Dkt. 33, are GRANTED.

2.  The clerk of court is directed to enter judgment accordingly and close the case.

Entered June 9, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge